## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MARSHALL WILLIAM STEWART, | ) |
| | ) No.: 1:07-cv-6172 |
| Plaintiff, | ) |
| | ) Honorable Judge Zagel |
| v. | ) Magistrate Judge Denlow |
| | ) |
| CITY OF CHICAGO, CERMAK HEALTH | ) Complaint for Damages and Injunctive Relief |
| CERVICES of COOK COUNTY, COOK | ) |
| COUNTY DEPARTMENT OF CORRECTIONS, | ) Demand for Jury Trial |
| TOM DART, in his official and individual | ) |
| capacities, SALVADOR GODENEZ, in his | ) |
| official and individual capacities, CARLOS | ) |
| ALTEZ, in his official and individual capacities, | ) |
| SUPERINTENDENT PLAXICO, in his official | ) |
| and individual capacities, SUPERINTENDENT | ) |
| ANDREWS, in his official and individual | ) |
| capacities, | ) |
| | ) |
| Defendants | ) |

## AMENDED COMPLAINT

Plaintiff, by his counsel, as and for his Amended Complaint against Defendants asserts

upon information and belief as follows:

## PRELIMINARY STATEMENT OF THE CASE

1.     This case seeks to recover damages and injunctive relief for personal injuries

sustained by the Plaintiff as the direct and proximate result of the wrongful conduct and medical

neglect of the Defendants in connection with their failure to provide Plaintiff with necessary

medical care during his incarceration at the Cook County Department of Corrections, Chicago,

Illinois (hereafter "CCDOC").

## JURISDICTION

2.    Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391.

## PARTIES

4.    Plaintiff Marshall Stewart a/k/a Stewart Marshall is an incarcerated individual residing in Cook County Jail, Chicago, Illinois.

5.    Defendant City of Chicago is a municipality located in the State of Illinois.

6.    Defendant Cermak Health Services of Cook County is a hospital facility located in Chicago, Illinois.

7.    Defendant Cook County Department of Corrections is a detention center located in Chicago, Illinois.

8.    Defendant Tom Dart is the Sheriff of the City of Chicago.  He is sued in his professional and individual capacities.

9.    Defendant Salvador Godenez is the Director of the CCDOC.  He is sued in his professional and individual capacities.

10.    Defendant Carlos Altez is a physician employed by the CCDOC.  He is sued in his professional and individual capacities.

11.    Defendant Superintendent Plaxico (first name presently unknown) is a CCDOC Superintendent.  He is sued in his professional and individual capacities.

12.    Defendant Superintendent Andrews (first name presently unknown) is a CCDOC Superintendent.  He is sued in his professional and individual capacities.

2

**FACTUAL ALLEGATIONS RELATED TO ALL COUNTS**

13.     On or about June 28, 2005, Plaintiff, while incarcerated in the Cook County

Department of Corrections, suffered a ruptured Achilles tendon while playing basketball.

14.     Plaintiff was evaluated by Cermak Health Services and transported to the

emergency room of Stroger Hospital where he was given a temporary splint cast and ordered to

return in one week, after the swelling went down, for an MRI and further treatment to include an

Achilles Cadaver Transplant.

15.     Defendants did not perform an MRI on Plaintiff and told him that it was "too

costly".

16.     Defendants did not return Plaintiff to Stroger Hospital within one week.

17.     Eventually, Defendants returned Plaintiff to Stroger Hospital sometime in 2006.

There, orthopedic surgeons diagnosed Plaintiff's injury as an Achilles tendon rupture which

required an MRI and an Achilles Cadaver Transplant.

18.     Sometime in 2007 Defendant CCDOC performed an in-house CT scan on

Plaintiff in lieu of an MRI in an effort to save money.

19.     Plaintiff was returned to Stroger Hospital on or about September 10, 2007 and

told that "it is unlikely that (his) surgery would ever happen because CCDOC detainees are not a

priority…"

20.     Plaintiff was never given the necessary surgery.

21.     Plaintiff now walks with a noticeable limp and requires a cane to walk.

22.     Plaintiff is in constant pain.

23.     Plaintiff has been permanently harmed in numerous ways.

24.     Plaintiff was forced to endure great physical and psychological pain, suffering, and humiliation by Defendants who placed him on the third floor of the jail in an upper bunk which required him to go up and down three flights of stairs and jump from a top bunk to the floor while in a cast and using crutches.

25.     Due to his untreated injury, Plaintiff will be unable to return to his regular employment, or similar employment after his release.

26.     Plaintiff has exhausted CCDOC's grievance procedure and has received no redress.  Plaintiff has still not received the necessary surgery.


## COUNT I

### Violation of the Civil Rights Act, 42 U.S.C. §1983

27.     Plaintiff repeats paragraphs 1 through 26 above as set forth fully herein.

28.     Each and all of the Defendants deprived Plaintiff of his rights under the Eighth Amendment to the United States Constitution, which prohibits the unnecessary and wanton infliction of pain.

29.     Each and all of the Defendants acted under color of state or territorial law.

30.     Each and all of the Defendants violated the United States Constitution in depriving Plaintiff of his right to medical care.

31.     Each and all of the Defendants inflicted cruel and unusual punishment upon Plaintiff in their refusal and failure to provide adequate medical care and subsequent placement of the Plaintiff in physically and mentally painful situations.

32.     Each and all of the Defendants acted with reckless disregard toward Plaintiff's serious medical needs by inaction or woefully adequate inaction.

4

33.    Each and all of the Defendants deliberately failed to treat Plaintiff's serious medical needs and injury.

34.    Each and all of the Defendants possessed a state of mind indicating deliberate indifference to Plaintiff's serious medical needs.

35.    Each and all of the Defendants acted in furtherance of a policy, communicated to Plaintiff, stating that Cook County Jail employees were "not a priority" for receiving medical treatment.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendants and relief as follows:

(1)    The sum of $1,000,000.00, together with punitive damages and exemplary damages in an amount to be determined upon the trial of this Action;

(2)    Court costs and attorney fees as allowed by law.

(3)    An injunction ordering Defendants to immediately provide Plaintiff with necessary surgery.

## JURY DEMAND

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint.

DATED: May 27, 2008                    MARSHALL STEWART

                                       By:  /s/ Steven E. Schwarz, Esq.

                                       Steven E. Schwarz, Esq.
                                       THE LAW OFFICES OF STEVEN E.
                                       SCHWARZ, ESQ.

2461 W. Foster Ave., #1W
Chicago, IL 60625
Telephone:  773/837-6134
stevenschwarz23@yahoo.com

Attorney for Plaintiff