# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARSHALL WILLIAM STEWART, | ) | |
| | ) | 07 C 6172 |
| Plaintiff, | ) | |
| | ) | District Judge |
| vs. | ) | James B. Zagel |
| | ) | |
| TOM DART, et al., | ) | Magistrate Judge |
| | ) | Morton Denlow |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO STEVEN E. SCHWARZ' MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 1988

NOW COME the Defendants, TOM DART, SALVADOR GODINEZ, SUPT PLAXICO, SUPT ANDREWS, and COOK COUNTY, by their attorney Anita Alvarez, through her assistant, Scott Nehls, and respond to Plaintiff counsel's motion for fees pursuant to 42 U.S.C. § 1988 as follows:

### INTRODUCTION

On November 1, 2007, Plaintiff filed a *pro se* complaint alleging deliberate medical indifference to his alleged ankle injury. (Dkt[1] #1). On March 26, 2008, this Honorable Court appointed attorney, Steven Schwarz, to represent Plaintiff. (Dkt #6). On November 6, 2008, this Court granted in part and denied in part Defendants' motion to dismiss and allowed Plaintiff to file an amended complaint by December 11, 2008. (Dkt #29). Between November 6, 2008 and March 15, 2010, Plaintiff's counsel filed seventeen motions for an extension of time to amend the complaint. (Dkts #31, 37, 45, 49, 53, 59, 64, 69, 73, 77, 82, 86, 90, 94, 98, 102, 106). On March 15, 2010, this Court dismissed the case for want of prosecution. (Dkt #109).

---

[1] "Dkt" is used as an abbreviation referring to this case's docket entries.

Following a motion to reopen the case (Dkt #111), Plaintiff's counsel filed the Second Amended Complaint on June 20, 2010. (Dkt #115). Defendants thereafter filed a motion to dismiss (Dkt #124) which was subsequently granted in part and denied in part, leaving just official capacity claims against Defendants. (Dkt #130).

On December 17, 2010, Plaintiff's counsel filed a motion to withdraw as attorney and a separate motion for attorney's fees pursuant to 42 U.S.C. § 1988. (Dkt #140, 143). In Plaintiff counsel's motion for fees, he contends that he "has prevailed in that he has defeated, in part, the defense's motion to dismiss plaintiff's Second Amended Complaint and in that the Court has ordered plaintiff's cause to proceed to discovery." (Dkt #143, p. 2). Plaintiff has cited no case law in support of his contention that he is a "prevailing party."

## ARGUMENT

Under 42 U.S.C. § 1988, a "prevailing party" is entitled to a discretionary award of reasonable attorney's fees. The underlying purpose of the fee-shifting provisions in § 1988 is to ensure the participation of competent counsel in the defense of alleged civil rights violations. *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672-1673 (2010). However, as discussed below, Plaintiff is not a prevailing party as defined in case law, and his counsel is not entitled to an award of attorney's fees.

The United States Supreme Court has frequently and clearly defined when to award attorney's fees under 42 U.S.C. § 1988. In reviewing § 1988's legislative history, the United States Supreme Court noted that, "Congress intended to permit the interim award of counsel fees only when a party has prevailed on the merits of at least some of his claims." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603-604 (2001) (citing *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980)). Although the Court noted that interlocutory

2

awards under § 1988 may be appropriate in some circumstances, the Court noted that its "respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail." *Id.* (citing *Hewitt v. Helms*, 482 U.S. 755, 760 (1987)). Stated succintly, "to be considered a 'prevailing party' under § 1988 a plaintiff needs to win a 'judicially sanctioned change in the legal relationship of the parties . . . .'" *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 655 (7th Cir. 2007) (citing *Buckhannon Bd.*, 532 U.S. at 605); see also *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792-793 (1989) ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties in a manner which Congress sought to promote in the fee statute.").

*Hanrahan*, 446 U.S. 754, provides a good foil for an analysis of Plaintiff's counsel's request pursuant to § 1988. In analyzing the attorney's fees issue, the *Hanrahan* Court began by noting that there are circumstances where fees could be awarded absent a final judgment that fully resolved the merits. *Hanrahan*, 446 U.S. at 756-757. However, in so doing, the Court stated that such an award was only appropriate where the party prevailed on the merits of at least some of his claims through judicial order or some other means. *Id.* at 756-758. In notable excess of the Plaintiff's "accomplishment" in the present matter, the respondents in *Hanrahan* had prevailed on several procedural and evidentiary rulings on appeal and, on this basis, the appellate court had errantly awarded attorney's fees under § 1988. *Id.* at 756. In reversing this award, the Supreme Court explained that "[a]s is true of other procedural or evidentiary rulings, these determinations may affect the disposition on the merits, but were themselves not matters on which a party could 'prevail' for purposes of shifting his counsel fees to the opposing party under § 1988." *Id.* at 759. The Court noted "[t]he jury may or may not decide some or all of the issues in favor of the [plaintiffs]. If the jury should not do so on remand in these cases, it could

not seriously be contended that the [plaintiffs] had prevailed." On this basis, Plaintiff's counsel in the present matter cannot contend that an award of attorney's fees is appropriate.

When compared against *Hanrahan* and the other law discussed above, Plaintiff counsel's assertion that he is a prevailing party is without any support in the law. As in *Hanrahan*, Plaintiff has achieved nothing on the merits of the present litigation. In comparison to *Hanrahan*, the state of Plaintiff's litigation is nascent. Plaintiff's ability to avoid outright dismissal is nothing more than the type of *de minimis* success discussed in *Hanrahan*, for which § 1988 awards are inappropriate. Finally, when the touchstone inquiry under § 1988 is made, the parties have not undergone a "judicially sanctioned" change in their legal relationship as a result of this litigation.

In addition to the above discussion, Plaintiff counsel's reading of § 1988 would lead to unquantifiably perverse results. The instant case serves as an excellent example, if given a slight factual twist. Assume for the purposes of this hypothetical that Plaintiff's counsel were to remain as counsel on this case and bring the matter to trial. In the event the verdict was in favor of the defendants, Plaintiff's counsel would not be entitled to his fees as the prevailing party, notwithstanding his earlier success in avoiding dismissal of the complaint. See *Hanrahan*, 446 U.S. at 759. Conversely, when considering the facts as they actually exist, Plaintiff's argument would entitle him to attorney's fees for doing no more than defeating a motion to dismiss with the assistance of its highly deferential burden. Thus, he would be entitled to fees for substantially less work than an attorney who took the same case beyond the initial pleadings stage, engaged in actual discovery and, in all likelihood, survived a motion for summary judgment before ultimately losing at trial.

4

Under such a re-envisioning of § 1988, court and counsel would be subjected to a litany of new concerns. The court would be forced to endure a wave of motions to withdraw and for fees from attorneys who "prevailed" under the word's new liberal definition, despite no resolution of the merits. Moreover, parties who might be liable under § 1988 would now have to consider the propriety of even filing motions to dismiss or discovery motions for fear that an adverse ruling thereon could lead to an interlocutory award of attorney's fees against their client. Although § 1988 awards remain under the court's discretion (and the above scenarios are fanciful), the precedent that would be created by Plaintiff counsel's definition of "prevailing" would be troublesome.

Based on the foregoing, Plaintiff's motion for fees should be denied as it is without any support in the law or logic.

WHEREFORE, the Defendants request that this Honorable Court deny Plaintiff counsel's motion for attorney's fees under § 1988, and grant Defendants any other relief this Honorable Court deems necessary and just.

            Respectfully submitted,

            ANITA ALVAREZ
            State's Attorney of Cook County

By:   */s/ Scott Nehls*
       Scott A. Nehls
       Assistant State's Attorney
       Torts/Civil Rights Litigation Section
       500 Richard J. Daley Center
       Chicago, IL 60602
       (312) 603-3473